WHATLEY, Judge.
Medico Environmental Services Corporation appeals a final order granting W. Roy Courtney and Robin A. Vaillaneourt’s motion for summary judgment and a final order denying Medico’s motion for rehearing or clarification. We reverse.
Gerald B. Hubbell and Stella Hubbell are majority shareholders of Medico, together owning 201 shares of stock. Courtney and Vaillancourt are minority shareholders of Medico, each owning 99.5 shares. Upon becoming shareholders, Courtney and Vaillancourt together with Medico and the Hubbells entered a Stock Restriction and Noncompete Agreement. Thereafter, a dispute arose between the parties. As a result, shareholders’ meetings were held on January 22, 1996, and February 26, 1996, at which actions were taken by the Hubbells detrimental to Courtney and Vaillancourt.
Courtney and Vaillancourt filed a complaint against Medico and the Hubbells, requesting that the trial court declare the actions taken at the shareholders’ meeting null and void and requesting that the trial court enjoin Medico and the Hubbells from taking any action without the consent of three of the shareholders. Medico filed a counterclaim seeking a declaratory judgment validating the resolutions passed at the shareholders’ meetings.
The parties moved for summary judgment on their respective claims. After a hearing on the competing motions for summary judgment, the trial court entered an order granting Courtney and Vaillanc-ourt’s motion for summary judgment. The trial court found that the Stock Restriction and Noncompete Agreement created a board of directors consisting of Vaillanc-ourt, Courtney, and the Hubbells. It ruled that the agreement required the board of directors to vote on a per capita basis rather than a per share basis. The trial court further held that no action could be taken without the approval of at least three board members. Therefore, the trial court concluded that all actions taken at the shareholders’ meetings were void.
We conclude that summary judgment was inappropriate, because the Stock Restriction and Noncompete Agreement was not ambiguous and it did not create a *1192 board of directors. The trial court’s interpretation of the agreement was in error, because it improperly went beyond the four corners of the document. See Misala, Inc. v. Eagles, 662 So.2d 1389 (Fla. 4th DCA 1995). As a result, genuine issues of material fact remain as to the propriety of the actions taken at the shareholders’ meetings.
Accordingly, we reverse and remand this cause for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FULMER, J., Concur.